### JACK JOHNSON v. THE STATE.

*No. 766. Decided June 8.*

**Perjury—Indictment—Allegation of Materiality.**—An indictment for perjury committed as a witness on the trial of a case assigned the perjury upon a statement of defendant, to the effect, that he did not play or bet at a game played with dice, called "craps," not at a private residence, negativing said statement, and alleging that the testimony was material to the issue being tried. *Held*, the indictment sufficiently alleges the materiality of the statement assigned as perjury.

APPEAL from the District Court of Hopkins. Tried below before Hon. E. W. TERHUNE.

This appeal is from a conviction for perjury, the punishment being assessed at six years in the penitentiary.

No statement of facts in the record.

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

· DAVIDSON, JUDGE.—Appellant was convicted of perjury. Contention was made below that the statement upon which perjury is assigned was not material, and therefore the indictment was insufficient. It is alleged, that on the trial of the cause in which the perjury was committed the defendant testified he did not play or bet at a game played with dice, called "craps," not at a private residence, when in truth and in fact he did so play or bet at said game, and that this testimony was material to the issue being tried at the time the false statement was made. The indictment sufficiently alleges the materiality of the statement assigned as perjury. The evidence is not before us, hence we can not say the verdict was unauthorized by the testimony.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.